```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
CASIMIRO GRACIANO,              )
                                )
          Plaintiff,            )
                                )
     v.                         )        1:17CV889
                                )
BLUE SKY LOGISTICS, LLC, and    )
MICHAEL WALKER DANIELS,         )
                                )
          Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Strike filed by Defendants Blue Sky Logistics, LLC, and Michael Walker Daniels ("Defendants"). (Doc. 8.) Defendants have filed a corrected brief in support of their motion, (Doc. 10), Plaintiff Casimiro Graciano ("Plaintiff") has responded in opposition, (Doc. 11), and Defendants have replied, (Doc. 12). This matter is ripe for resolution, and for the reasons stated herein, this court will deny Defendants' Motion to Strike.

## I. FACTUAL BACKGROUND

The following facts are recited in the light most favorable to Plaintiff. On or about March 1, 2016, Plaintiff was operating a tractor trailer in Surry County, North Carolina. (Complaint ("Compl.") (Doc. 1) ¶¶ 42, 44.) On the same date, Defendant Michael Walker Daniels ("Defendant Daniels") was also operating

a tractor trailer in Surry County, North Carolina as an employee of Defendant Blue Sky Logistics, LLC ("Defendant Blue Sky"). (Id. ¶¶ 42-43.) The tractor trailer driven by Defendant Daniels crashed into the tractor trailer driven by Plaintiff, causing injuries to Plaintiff. (Id. ¶¶ 46-47.) Plaintiff alleges that he properly came to a stop for traffic while Defendant Daniels failed to reduce his speed, causing the collision. (Id. ¶¶ 45-46.)

Plaintiff's Complaint details necessary requirements that Defendant Blue Sky met in order to become a licensed motor carrier. (Id. ¶¶ 8-10.) Plaintiff then extensively outlines prior instances of Defendant Blue Sky employees being cited for violations of Federal Motor Carrier Safety Regulations. (Id. ¶¶ 11-40.) After describing the circumstances of the collision at issue, Plaintiff alleges that "[d]ue to the circumstances in the collision, combined with Defendant Blue Sky Logistics, LLC's history of hours-of-service violation, upon information and belief Defendant Daniels was fatigued and operating in violation of the hours of service regulation set out in the Federal Motor Carrier Safety Regulations." (Id. ¶ 48.) Plaintiff further alleges that "[d]ue to Defendant Blue Sky Logistics LLC's historic pattern of violations of the Federal Motor Carrier Safety Regulations and state traffic laws, upon information and

belief Blue Sky Logistics had an inadequate driver qualification, training, and monitoring process." (Id. ¶ 49.)

Plaintiff asserts, among other things, a cause of action against Defendants for negligence, asserting that Defendant Daniels's actions are imputed to Defendant Blue Sky under the doctrine of respondeat superior. (Id. ¶¶ 52-62.) Plaintiff seeks, jointly and severally from the Defendants, compensatory damages, punitive damages, prejudgment interest, postjudgment interest, and court costs. (Id. at 8.)[1]

## II. ANALYSIS

### A. Jurisdiction

While jurisdiction has not been challenged in the existing motions, the existence of jurisdiction is a "question the court is bound to ask and answer for itself[.]" Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884). This case finds jurisdiction in this court pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Texas while Defendant Blue Sky is a Utah corporation with Utah headquarters. Defendant Daniels is a citizen of Nevada. The amount in controversy exceeds $75,000. (Compl. (Doc. 1) ¶¶ 1-4.)

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

B.  **Motion to Strike**

Defendants, pursuant to Federal Rule of Civil Procedure 12(f), seek to strike paragraphs eight through forty, forty-eight, and forty-nine of the Complaint.[2] (Defs.' Br. in Supp. of their Mot. to Strike ("Defs.' Br.") (Doc. 10) at 1.) These portions of the Complaint largely deal with alleged prior citations issued to Defendant Blue Sky's employees. (See Compl. (Doc. 1) ¶¶ 8-40, 48, 49.) Defendants contend that these paragraphs "assert inadmissible subject matter which will unnecessarily broaden the scope and increase the expense of discovery and this litigation as a whole, distract from the issues at bar, and unfairly and unjustly smear Defendants." (Defs.' Br. (Doc. 10) at 1.) Specifically, Defendant contend that the paragraphs at issue are purported "prior bad acts" which are either unrelated to the conduct at issue, (¶¶ 8-30), or, if related, are used to suggest that Defendants acted in conformity therewith during the time at issue, (¶¶ 8-30, 48, 49). (Id. at 2.)

Federal Rule of Civil Procedure 12(f) provides: "The court may strike from a pleading an insufficient defense or any

---

[2] While Defendants' motion requests to strike paragraphs thirty-one through forty, (Defs.' Mot. to Strike (Doc. 8) at 1), their supporting brief does not identify a specific basis for striking these paragraphs. Accordingly, this court declines to strike paragraphs thirty-one through forty.

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Such motions can prevent the litigation of 'unnecessary issues,' and expedite the proceedings." Staton v. N. State Acceptance, LLC, No. 1:13-CV-277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013) (citations omitted). Courts have broad discretion in disposing of motions to strike, but "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)); see also Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). "When reviewing a motion to strike, a court must view the pleading under attack in a light most favorable to the pleader." Guessford v. Pa. Nat'l Mut. Cas. Ins. Co., 918 F. Supp. 2d 453, 465 (M.D.N.C. 2013) (citing Racick v. Dominion Law Assocs., 270 F.R.D. 228, 232 (E.D.N.C. 2010)).

### 1. Motion to Strike Paragraphs Eight through Thirty as Irrelevant

With respect to Defendants' contention that paragraphs eight through thirty of the Complaint are irrelevant, Plaintiff contends that the paragraphs in question

> set[] out prior actions of Defendant Blue Sky and its employees in order to support, give context and

> background to, Plaintiff's claims against Defendant
> Blue Sky specifically for its own negligent actions.
> The facts identified in the Motion to Strike support
> the third group of claims - that Defendant Blue Sky
> was negligent in the performance of its qualification
> and training of drivers. Repeated violations further
> show that Defendant knew of its inadequate programs
> but failed to take action to remedy them. Plaintiff is
> required to plead facts in support of each claim and
> these facts offer support for the third group of
> claims alleged in the Complaint.

(Pl.'s Resp. and Br. in Opp'n to Defs.' Mot. to Strike ("Pl.'s Resp.") (Doc. 11) at 2.) Defendants, in their reply, contend that Plaintiff has only asserted a claim against Defendant Blue Sky by way of respondeat superior liability and has not stated a claim directly against Defendant Blue Sky. (Defs.' Reply in Supp. of their Mot. to Strike ("Defs.' Reply") (Doc. 12) at 1-2.) As such, Defendants contend that the paragraphs in question are irrelevant as to what is actually alleged in the Complaint. (Id.)

"[A] motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." Simaan, 395 F. Supp. 2d at 278 (citation omitted). In the present case, Plaintiff has alleged that his injuries were proximately caused by "Defendants' negligent and wanton conduct as complained of herein." (Compl. (Doc. 1) ¶ 50.) In other words, Plaintiff has alleged that the conduct of both Defendant

Daniels and Defendant Blue Sky caused his injuries. Liberally construing the Complaint, this court does not agree with Defendants that the Complaint exclusively alleges liability against Defendant Blue Sky on a respondeat superior theory. (See Defs.' Reply (Doc. 12) at 2-3.) To the contrary, Plaintiff has alleged that Defendant Blue Sky "had an inadequate driver qualification, training, and monitoring process." (Compl. (Doc. 1) ¶ 49.) Consequently, this court cannot conclude, at this stage in the proceedings, that "the material in question [has] no possible bearing upon the subject matter of the litigation[,]" Simaan, 395 F. Supp. 2d at 278, and will accordingly deny Defendants' Motion to Strike paragraphs eight through thirty on this basis.

### 2. Motion to Strike Paragraphs Eight through Thirty, Forty-Eight, and Forty-Nine as Inadmissible

With respect to Defendants' contention that some paragraphs allege prior bad acts suggestive that Defendants acted in conformity therewith during the instances at issue in violation of Federal Rule of Evidence 404(b)(1), (Defs.' Br. (Doc. 10) at 2), Plaintiff first contends that the admissibility of said acts are outside of the scope of the Motion to Strike, (Pl.'s Resp. (Doc. 11) at 3 n.1). Nonetheless, Plaintiff further contends that evidence of said acts will be admissible as:

> The plethora of similar prior violations shows that
> the collective safety programs instituted by Defendant

>     Blue Sky generally fell below the standard of care for
>     the industry. Such prior acts are further admissible
>     for the purpose of showing knowledge on the part of
>     Defendant Blue Sky of the industry standard and
>     knowledge of the inadequacy of its programs pertaining
>     to qualification, training and supervision of its
>     over-the-road truck drivers.

(Id.)

At this stage in the proceedings, this court is not equipped to conclusively resolve competing arguments as to the admissibility of evidence which would support the allegations in question.[3] As such, because motions to strike are generally disfavored, Gilmore, 252 F.3d at 347, and because pleadings at

---

[3] This court notes that a number of courts have recognized that it is "improper to raise evidentiary questions, such as those concerning admissibility . . . in Rule 12(f) motions." Carney v. Town of Weare, Civil No. 15-cv-291-LM, 2016 WL 320128, at *3 (D.N.H. Jan. 26, 2016) (citations omitted); see, e.g., Gallagher v. Funeral Source One Supply & Equip. Co., Civil No. 14-cv-115-PB, 2015 WL 773737, at *3 n.2 (D.N.H. Feb. 24, 2015) ("[T]he majority of courts that have addressed the question [conclude] that Rule 12(f) does not permit allegations in a complaint or counterclaim to be stricken solely because they are based on potentially inadmissible evidence."); Tolar v. Cummings, No. 2:13-cv-00132-JEO, 2014 WL 3974671, at *6 (N.D. Ala. Aug. 11, 2014) ("[C]ourts generally hesitate to strike allegations in a pleading based on arguments at the threshold of the action that evidence of pled circumstances would not be admissible at trial . . . ."); Mobile Conversions, Inc. v. Allegheny Ford Truck Sales, No. 2:12-cv-1485, 2013 WL 1946183, at *6-7 (W.D. Pa. May 9, 2013); TriQuint Semiconductor, Inc. v. Avago Techs. Ltd., No. CV-09-01531-PHX-JAT, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010); Steak Umm Co. v. Steak 'Em Up, Inc., Civil Action No. 09-2857, 2009 WL 3540786, at *3 (E.D. Pa. Oct. 29, 2009); PTR, Inc. v. Forsythe Racing, Inc., No. 08 C 5517, 2009 WL 1606970, at *4 (N.D. Ill. June 9, 2009); Eppenger-Pollard v. Lock Joint Tube, Inc., No. 3:05-CV-116RM, 2005 WL 2216900, at *2 (N.D. Ind. Sept. 9, 2005).

this juncture are reviewed in the light most favorable to the plaintiff, Guessford, 918 F. Supp. 2d at 465, this court will deny Defendant's Motion to Strike paragraphs eight through thirty, forty-eight, and forty-nine on this basis.

III. **CONCLUSION**

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike, (Doc. 8), is **DENIED.**

This the 16th day of May, 2018.

/s/ William L. Osteen, Jr.
United States District Judge